IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3019-D

| | |
|---|---|
| JAMES ROBERT KOZOMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHERIFF DAVID SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

James Robert Kozoman ("plaintiff" or "Kozoman"), a state inmate, filed this action pursuant to 42 U.S.C. § 1983. On March 27, 2007, the court dismissed Kozoman's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B), finding that his claim was time-barred. On May 17, 2007, Kozoman filed a motion for reconsideration. Kozoman also filed a motion for extension of time to file a notice of appeal. As explained below, the motion for reconsideration and motion to extend time are denied.

I.

Although Kozoman classifies his motion as a motion for reconsideration, the court treats it as a motion under Federal Rule of Civil Procedure 60(b). See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir.

1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim. Kozoman states that he has a meritorious claim because his section 1983 claim was not time-barred. Specifically, Kozoman argues that it was tolled by the pendency of the negligence claim he filed in the Granville County Superior Court. In support, Kozoman argues that the court misapplied Board of Regents v. Tomanio, 446 U.S. 478, 483-86 (1980), which held that a state action does not toll the running of the limitations period on a section 1983 claim. Kozoman asserts that Tomanio dealt with New York rather than North Carolina law, and that the law governing North Carolina statutes of limitations encourages tolling for pending state actions.

State law governs statute of limitations and tolling issues applicable to section 1983 actions only where there is a void in federal law governing the issue. Tomanio, 446 U.S. at 483-86. In this case, this court relied on Tomanio and Howard v. Bangs, 862 F.2d 870, 1988 WL 124965 (4th Cir. Nov. 15, 1988) (unpublished), to conclude that Kozoman's section 1983 claim was not tolled by the pendency of Kozoman's state negligence claim. These cases hold that federal law governs the tolling claim at issue. Therefore, no void exists, and this court correctly dismissed plaintiff's claim as time-barred. Accordingly, plaintiff has not stated a meritorious claim.

Kozoman also argues that he has a meritorious claim because the court erred by dismissing his claim as frivolous. Kozoman states that the statute of limitations is an affirmative defense that the court may not raise *sua sponte*. As stated in this court's order, an action that is barred by the statute of limitations may be dismissed as frivolous under 28 U.S.C. § 1915. See Eriline Co. S. A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir.

2

1983). Accordingly, this argument does not state a meritorious defense. Therefore, Kozoman has not demonstrated that he has a meritorious claim.

Finally, Kozoman argues that he has stated a timely meritorious claim which this court failed to consider. The claim at issue consists of Kozoman's allegation that the state courts violated his civil rights by dismissing his state action without adjudicating it on the merits. Kozoman essentially attacks the validity of the state court adjudication of his negligence claim. This claim is barred under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also 28 U.S.C. § 1257. The Rooker-Feldman doctrine bars federal courts from sitting "in direct review of state court decisions." Feldman, 460 U.S. at 482-484 n.16; see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-84 (2005); Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). This doctrine "precludes not only review of adjudications of the state's highest court, but also decisions of its lower courts." Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 199 (4th Cir. 1997); Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000). Instead, the proper procedure is to seek review in state court and then petition the United States Supreme Court for certiorari to review the final decision of a state court. Jordahl, 122 F.3d at 476.

The Rooker-Feldman doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court's judgment. Feldman, 460 U.S. at 482-84 n.16. "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)); accord Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006); Barefoot v. City of Wilmington, 306 F.3d 113, 120-121 (4th Cir. 2002); Allstate

3

Ins. Co. v. West Virginia State Bar, 233 F.3d 813, 816 (4th Cir. 2000). A plaintiff cannot circumvent Rooker-Feldman by recasting his claim as a federal civil rights violation. See Jordahl, 122 F.3d at 202; Moore v. Idealease of Wilmington, 465 F. Supp. 2d 484, 490 (E.D.N.C. 2006); Huszar v. Zeleny, 269 F. Supp. 2d 98, 103 (E.D.N.Y. 2003).

Kozoman seeks to have this court review the Granville County Superior Court's adjudication of his state law negligence claim. As stated, the Rooker-Feldman doctrine dooms this request. Feldman, 460 U.S. at 482-84 n.16. To the extent Kozoman is attempting to recast his negligence claim as a section 1983 action, this too is barred by the Rooker-Feldman doctrine. Id. Because Kozoman is unable to state a meritorious claim, he is unable to satisfy the threshold requirements to proceed with a Rule 60(b) motion. Therefore, Kozoman's Rule 60(b) motion lacks merit.

Kozoman alternatively argues that if this court finds that his claim is time-barred, the portions of his filing fee that have been paid should be refunded. Title 28 U.S.C. § 1915(e)(2)(B)(1) provides: "Notwithstanding any filing fee . . . , the court shall dismiss the case at any time if the court determines that–the action or appeal–is frivolous or malicious . . . ." Kozoman's action was dismissed as frivolous pursuant to section 1915(e)(2)(B)(1). Accordingly, the court is not required to refund any of the portion of the filing fee paid by Kozoman.

II.

Kozoman seeks an extension of time to file a notice of appeal. Federal Rule of Appellate Procedure 4(a)(1)(A) allows for a notice of appeal to be filed within 30 days after entry of the order or judgment being appealed. A district court may extend the time to file an appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule (4)(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

4

This action was dismissed on March 27, 2007, and Kozoman filed his motion for extension of time May 17, 2007. This court may not grant Kozoman an extension of time because he did not file his motion within the time limit prescribed in Rule 4(a)(5). See Becker v. Montogmery, 532 U.S. 757, 763, n. 2 (2001); Drayton v. United States, 2005 WL 590437, *1 (4th Cir. Mar. 15, 2005) (per curiam) (unpublished). Moreover, plaintiff has not shown excusable neglect or good cause. Therefore, his motion for an extension of time is DENIED.

III.

Kozoman's motion for reconsideration pursuant to Rule 60(b) and motion for extension of time to file a notice of appeal are DENIED.

SO ORDERED. This 6 day of November 2007.

JAMES C. DEVER III
United States District Judge

5